## Nosak v. Thiel

*Michael C. Cowley,* for plaintiffs.
*Jan Kuha,* for defendants.
*Michael Donohue,* for additional defendants.

WALSH, *J.,* February 24, 1981—This matter is presently before the court by way of preliminary objections of additional defendant to the original defendant's complaint.

This case arises out of an automobile accident which occurred on August 12, 1978 in the 400 block of Boulevard Avenue in Dickson City. As the case proceeded, the Thiels were notified by their insurance carrier, Nationwide Insurance Company that

they were not covered for said accident, as their premiums had not been paid. The Thiels then attempted to join their insurance agent, Angelo Martarano as an additional defendant for failing to transmit their insurance premiums to Nationwide.

Additional defendant then filed preliminary objections to the Thiel's complaint raising the issue of joinder and a demurrer.

Pa.R.C.P. 2252(a) governs the issue of joinder. It provides:

"In any action the defendant or any additional defendant may, as the joining party, join as an additional defendant any person whether or not a party to the action who may be alone liable or liable over to him on the cause of action declared upon by the plaintiff or jointly or severally liable thereon with him, or who may be liable to the joining party on any cause of action which he may have against the joined party arising out of the transaction or occurrence or series of transactions or occurrences upon which the plainiff's cause of action is based."

It is the position of the additional defendant that original defendant claims arise out of a contract with Martarano, and not out of the transaction upon which plaintiff's complaint is based.

We are thus called upon to decide the issue of, "whether an Original Defendant, who is sued in tort for negligence arising out of an automobile accident, may join as an Additional Defendant, his insurance agent whose liability to the Defendant is based upon a breach of contract or negligent failure to forward the allegedly paid insurance premium?"

We find in the negative. In the case of Szemanski v. Vulcan Materials Company, 126 Pitts.L.J. 167, 170 (1977), it was held: "Where the only fact alleged as to the proposed additional defendant

whether in the plaintiff's complaint or the complaint to join is a contract of indemnity between the defendant and the proposed additional defendant, such fact does not show a violation of a right or a wrong to the plaintiff and thus cannot be based upon the plaintiff's cause of action."

Likewise we hold that any contract existing between the Thiels and the additional defendant herein or any tort action for negligent failure to forward an insurance premium does not arise out of the same transaction or occurrence, upon which plaintiff's cause of action is based. We must, therefore, sustain the preliminary objections of additional defendant.

Having so held, we find no need to address the remaining issue of whether the orignial defendant's complaint states a cause of action upon which relief can be granted.

## ORDER

Now, February 24, 1981, the preliminary objections of additional defendant are sustained and original defendant's complaint against Mr. Martarano and his insurance agency is dismissed.